STATE OF MINNESOTA, Respondent, *vs.* EDWARD HEENAN, Appellant.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Under the provisions of sec. 6, p. 777-8 of the Compiled Statutes, a Defendant found guilty upon the trial of an indictment against him, may apply directly to the Supreme Court for a new trial at any time within a year.

And upon such application the Court is authorized by said section to grant a new trial, ifi it shall appear from the whole case that the Defendant has not had justice done him.

This was an indictment for perjury. The Appellant in this Court moves for a new trial on case o exceptions. The perjury is predicated upon an affidavit for a continuance made by the Defendant in a prosecution before a Justice of the Peace, against the Defendant, for an assault and battery. The affidavit is set out in the indictment *in haec verba.* It appeared that in the assault and battery suit, ownership of certain hay was in question, as it was in defence of the possession of the hay that the transaction out of which the assault and battery arose occurred.

Points and Authorities for Appellant.

I.—The verdict should be set aside under section 6, p. 778 Compiled Statutes, on the ground that it appears that justice has not been done. The power conferred by the section is additional to cases where, by law, a new trial could have been granted.

Statutes must be so construed as to give meaning to every part. That is a familiar rule. No meaning can be given to the clause, " or when it shall appear that justice has not been done," unless on the construction claimed by Defendant. The Defendant claims that there is an absolute want of evidence of any intent to commit perjury. That it is clear from the

State v. Heenan.

evidence of the transaction itself, and the condition of Defendant's mind, that one of two things occurred.  Either—

1st. That Defendant, in making the affidavit, had got himself so mixed up as to think that Campbell really was the witness he wanted, from the fact that Campbell had told him all about it.  Or—

2d. That the name of Campbell was inserted by mistake and carelessness, instead of Mr. Orcutt.

If Orcutt's name had been inserted instead of that of Campbell, there is no doubt the affidavit would have been true. Why, then, should a man willfully swear falsely, when the truth would have served his purpose equally well?

And his good faith in his defence in the assault and battery case is shown by the fact that he was acquitted in that case.

The verdict should be set aside, and a new trial granted.

Points and Authorities for Respondent.

I.—The jury having found the facts against the Defendant, the Court will not disturb the verdict, although the same facts might have led the mind of the Court to a different conclusion. *Cunningham vs. Magoon*, 18 *Pick.*, 15.

II.—The evidence upon the question of insanity leaves the case in doubt, and the decision of the jury is conclusive. The reasons for the opinions of the medical witnesses are omitted on the record, and without these it is impossible for the Court to determine how much importance is to be attached to such opinions. The reasons were before the jury, and were weighed by them.  The question of insanity is at all times a difficult one, and can only be determined by a careful scrutiny of the witnesses,—their intelligence, experience, and opportunities for judging,—the reasons upon which their opinions are based,—aided by the appearance and conduct of the prisoner. All these can be intelligently examined by the jury, but do not appear from the record, and cannot be within the knowledge of the Court.

WHEELER H. PECKHAM, Counsel for Appellant.

G. E. COLE, Attorney General.

State v. Heenan.

. *By the Court*—EMMETT, C. J.—This is a direct application to this Court for a new trial, under the provisions of *section 6, p.* 777-8 *of the Compiled Statutes.*

· We cannot but regret that application was not first made to the Judge before whom the indictment was tried, as from the nature of things he must be better able to decide many of the questions upon which a new trial may depend, particularly such as relate to the weight or credibility of the testimony of witnesses examined in his presence. But the statute referred to undoubtedly gives the Defendant in a criminal action the right, after conviction, to apply to this Court, in the first instance, at any time within a year; and at the same time authorizes us, in addition to the causes for which a new trial may by law be granted, to take into consideration the question whether, upon the whole case, justice has been done.

In this case the Defendant was indicted and found guilty of perjury in swearing to an affidavit for a continuance, in an action then pending before a Justice of the Peace, wherein he was a party. Several reasons are urged why a new trial should be granted; but we do not think it necessary to consider more than one.

The main defence relied upon at the trial was the insanity of the Defendant at the time of making the affidavit, upon which the perjury was assigned; and it is insisted that this defence was fully made out by the evidence.

Upon this question the testimony was so overwhelming in favor of the defence that we cannot think that justice was done the Defendant by the verdict of guilty; and we find it very difficult to account for the conviction upon any other theory than that the jury were influenced by passion or prejudice.

The space appropriated to a judicial opinion will not enable us to give a detailed statement of the testimony bearing on this defence, nor would such statement be important to any but the parties interested in this particular action. Suffice it that, from the evidence produced on the trial, and which is embodied in the record, we have not the slightest doubt of the Defendant's insanity, and must therefore grant a new trial.